UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BECKY L. BALLARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:11-CV-87-NAB ) |
| CAROLYN W. COLVIN[1], Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Becky Ballard's ("Ballard") application for a period of disability and disability insurance benefits and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. Ballard alleges disability due to diabetes mellitus, diabetic retinopathy, diabetic neuropathy, hypertension, hypothyroidism, supraventricular tachycardia, glaucoma, cataracts, depression, history of breast cancer, and sleep apnea. (Tr. 179.) The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 12.] For the reasons set forth below, the Commissioner's decision is affirmed.

I.   **Procedural History**

On April 30, 2008, Ballard filed applications for a period of disability, disability insurance benefits, and SSI benefits. (Tr. 144-153.) The Social Security Administration

---

[1] At the time this case was filed, Michael J. Astrue was the Commissioner of Social Security. Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Carolyn W. Colvin for Michael J. Astrue in this matter.

("SSA") denied Ballard's claim and she filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 103-108.) The SSA granted Ballard's request and the hearing took place on April 28, 2010. (Tr. 25-98, 115.) The ALJ issued a written decision on May 27, 2011. (Tr. 11-19.) Ballard requested review of the ALJ's decision from the Appeals Council. (Tr. 7.) On September 15, 2011, the Appeals Council denied Ballard's request for review. (Tr. 1-3.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107 (2000). Ballard filed this appeal on November 15, 2011. [Doc. 1.] The Commissioner filed an Answer on January 31, 2012. [Doc. 14.] Ballard filed a Brief in Support of his Complaint on March 1, 2012. [Doc. 16.] The Commissioner filed a Brief in Support of the Answer on May 1, 2012. [Doc. 19.]

The Court has reviewed the parties' briefs, the ALJ decision, the record including the hearing transcript and medical documentary evidence. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A), 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform

basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(iii).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). Therefore, even if this Court finds that there is a preponderance of evidence against the weight of the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler,* 733 F.2d 65, 68 (8th Cir. 1984). An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Gwathney v. Chater,* 1043, 1045 (8th Cir. 1997).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physician;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

### III. Decision of the ALJ

Utilizing the five step analysis, the ALJ determined in the first step that Ballard met the insured status requirements of the Social Security Act through December 31, 2011 and she had not engaged in substantial gainful activity since January 1, 2007, the alleged onset date of disability. (Tr. 13.) In step two, the ALJ found that Ballard had the severe impairments of insulin dependent diabetes with retinopathy, hypertension, gastroesophageal reflux disease ("GERD"), hypothyroidism, allergic rhinitis, a history of mastectomy, and obstructive sleep apnea. (Tr. 13.) In step three, he determined that Ballard did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14.) In step four, the ALJ found that Ballard had the residual functional capacity ("RFC") to perform a limited range of medium work and was capable of performing her past relevant work as cleaner-personal attendant. (Tr. 14, 18.) The ALJ then concluded that Ballard has not been under a disability, as defined in the Social Security Act from January 1, 2007 through the date of the ALJ's decision. (Tr. 19.)

## IV. Discussion

Ballard asserts three errors for review. First, Ballard asserts that the ALJ failed to provide a legible copy of the medical expert's answers to interrogatories as requested by her counsel. Second, Ballard asserts that the ALJ erred in finding that her impairments do not meet Listing 3.02(A). Third, Ballard asserts that the ALJ failed to mention her obesity in the decision or the possible functional limitations it may cause.

### A. Medical Expert Report

Ballard contends that the ALJ erroneously failed to provide legible copies of medical expert Dr. John Vorhies, Jr.'s interrogatories submitted after the hearing, which resulted in an unfavorable decision based on Dr. Vorhies' incomplete, incorrect, and untested opinions. Ballard claims that it is unclear if the ALJ could read Dr. Vorhies' handwriting as the ALJ did not "cite" to the illegible portions of the transcript. Also, Ballard states that it is unclear if Dr. Vorhies even received a copy of her blood sugar logs.

Dr. Vorhies testified at the administrative hearing. (Tr. 33-55.) At the hearing, Plaintiff requested and received a two-week extension of time to submit additional evidence to the ALJ for review. (Tr. 55-56, 97.) The ALJ also subsequently provided Dr. Vorhies with updated medical records and interrogatories. (Tr. 38-39, 931.) Dr. Vorhies responded to the interrogatories and the ALJ forwarded them to Ballard's counsel. (Tr. 253-54.) In correspondence to Ballard's counsel, the ALJ gave Ballard the following options: (1) respond to the interrogatories in writing, (2) provide a written statement regarding the facts and law and any additional records for consideration, (3) request a supplemental hearing, and (4) request a subpoena. (Tr. 253-54.) Ballard responded to the ALJ's letter by asking that the ALJ order Dr.

Vorhies to submit a typed copy of the interrogatory answers. Ballard did not request any of the options provided to her by the ALJ.

Based on the Court's review of the evidence, the ALJ did not err in failing to require Dr. Vorhies to type his notes. Dr. Vorhies' medical interrogatories are legible. (Tr. 936-938.) Furthermore, if Ballard had requested a supplemental hearing, Dr. Vorhies' testimony would have confirmed whether he reviewed her blood sugar logs and assisted Ballard with deciphering his hand writing. There is no evidence other than Ballard's speculation that the ALJ could not read Dr. Vorhies' notes. Finally, Ballard states that HALLEX I-2-5-28 requires the ALJ to disclose evidence obtained after the hearing. HALLEX provides procedural guidance for processing and adjudicating claims at the hearing and Appeals Council level. The Eighth Circuit has not specifically ruled on the effect of a violation of HALLEX and it does not have the force of law in this circuit. *Ellis v. Astrue*, No. 4:07-CV-1031 AGF, 2008 WL 4449452 at *15-16 (E.D. Mo. Sept. 25, 2008). Moreover, even if HALLEX were considered, Ballard's argument still lacks merit as the ALJ gave Ballard the opportunity to review and comment on the evidence and to request a supplemental hearing as the HALLEX procedure requires. Therefore, the Court finds that the ALJ did not err in failing to requiring Dr. Vorhies to type his answers to the ALJ's interrogatories.

**B.      Listing 3.02**

Next, Ballard contends that the ALJ committed reversible error in finding that her impairments do not meet Listing 3.02(A). The listing of impairments in Appendix 1 describes for each of the major body systems impairments considered to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience. 20 C.F.R. § 404.1525(a). Merely being diagnosed with a condition named in a

listing and meeting some of the criteria will not qualify a claimant for presumptive disability under the listing." *McCoy v. Astrue*, 648 F.3d 605, 611-12 (8th Cir. 2011); 20 C.F.R. § 404.1525(d) (An impairment cannot meet a listing based solely on a diagnosis). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010) (emphasis in original). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990) (superseded by statute on other grounds). "The claimant has the burden of proving that her impairment meets or equals a listing." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010).

Listing 3.02 requires chronic obstructive pulmonary disease ("COPD"), due to any cause with the $FEV_1$[2] equal to or lesser than 1.15 liters for a person less than 60 inches tall in height without shoes. Ballard is 59 inches tall. (Tr. 54, 561.) On June 10, 2009, Ballard had a pulmonary function test that showed she had a one-second $FEV_1$ equal to or less than 1.00 liters. (Tr. 560.) Ballard has not been diagnosed with COPD. She has been diagnosed with obstructive airways disease and severe diffusion defect. (Tr. 561.) Dr. Vorhies opined that the June 10th pulmonary test results were not valid because Ballard was coughing due to allergic rhinitis, post-nasal drip, and acid reflux. (Tr. 937.)

The Court finds that the ALJ's determination that Ballard's impairment did not meet or medically equal a listing were supported by substantial evidence. Ballard does not meet the criteria required in the listing. She has not been diagnosed with COPD and Dr. Vorhies discounted the accuracy of the results of her pulmonary function test. Ballard has the burden of proof. Ballard did not seek clarification from Dr. Vorhies regarding why he believed the test was

---

[2] FEV is the "abbreviation for forced expiratory volume, with a subscript indicating time interval in seconds. Stedman's Medical Dictionary 658 (27th ed. 2000).

invalid nor did she submit additional medical evidence that would show a valid test result. Therefore, the Court finds that the ALJ did not err in his determination that Ballard's impairments did not meet or medically equal a listing.

### C. Credibility Determination

Ballard asserts that the ALJ relied upon the "highly questionable" evidence from Dr. Vorhies to discredit Plaintiff, failed to consider statements provided by Ballard's sister and brother-in-law, and failed to consider the difficulty of figuring out the American diabetic diet.

In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> (3) Any precipitating or aggravating factors;
> (4) The dosage, effectiveness, and side effects of any medication; and
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "Moreover, an ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.* (highly unlikely that ALJ did not consider and reject physician's opinion when ALJ made specific references to other findings set forth in physician's notes).

In this case, the ALJ determined that Ballard's statements regarding her symptoms were not as limiting as she alleged. (16-18.) The ALJ's determination details Ballard's treatment records from Dr. Sohal finding that Ballard's chronic cough could stem from multiple causes including asthma, allergies, post-nasal drip and uncontrolled reflux. (Tr. 17, 496.) The ALJ also noted that the record did not indicate any pulmonary infiltrates, no loss of range of motion, and no loss of grip strength. (Tr. 17.) He noted that the record showed that Ballard's gait was stable, she did not experience medication side effects that would diminish her RFC, and her activities of daily living were not eroded to the extent that she would be precluded from all work activity. (Tr. 17.) The ALJ also referred to Dr. Vorhies' testimony and interrogatory answers that opined that Ballard's hypertension, hypothyroidism, retinopathy, and obstructive sleep apnea all responded to treatment. (Tr. 17.) The Court finds that the ALJ properly evaluated Ballard's subjective complaints against the evidence in the voluminous medical record and substantial evidence supports the credibility determination.

The ALJ is required to carefully consider any information submitted by a claimant about her symptoms, including observations by other persons. 20 C.F.R. § 404.1529(c)(3). Although the ALJ did not expressly, address the statements from Ballard's sister and brother-in-law, the error does not require remand. *See Buckner v. Astrue*, 646 F.3d 549, 559-60 (8th Cir. 2011). Because the same evidence that the ALJ referred to in discrediting Ballard's claims also discredits these third-party statements, the error did not have a bearing on the outcome of this case and therefore, remand is not required. *Id.* at 560.

### D. Obesity

Finally, Ballard contends that the ALJ failed to properly evaluate the severity of her obesity or the functional limitations it may cause. An ALJ is required to consider obesity's

9

effects when evaluating disability. SSR 02-1p, 2002 WL 34686281 at *6 (Sept. 12, 2002). It is not reversible error, however, for the ALJ's opinion to omit specific discussion of obesity when neither the medical records nor Ballard's testimony demonstrates that her obesity results in additional work-related limitations. *See McNamara v. Astrue*, 590 F.3d 607, 612 (8th Cir. 2010). Ballard gives a detailed description of the potential effects obesity may have on work related functions, but fails to cite to any evidence that those functional limitations are applicable to her case. Therefore, the Court finds that the ALJ's error in omitting discussion of Ballard's obesity is not reversible on review.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Ballard seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **DENIED**. [Docs. 1,16.]

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment in favor of the Commissioner.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Carolyn W. Colvin for Michael J. Astrue in the court record of this case.

Dated this 30th day of September, 2013.

                        /s/ Nannette A. Baker      .
                        NANNETTE A. BAKER
                        UNITED STATES MAGISTRATE JUDGE